## Reed et ux. v. City of Scranton

George W. Ellis, for plaintiffs.

Joseph V. Phillips, for defendant.

EAGEN, J., June 9, 1943.—This is an action in trespass for personal injuries alleged to have been suffered by the wife plaintiff because of the negligence of the City of Scranton in failing to maintain a public thoroughfare in a reasonably safe condition for the use of pedestrians. Defendant has filed an affidavit of defense raising questions of law.

We do not believe that defendant is entitled to a summary judgment on the pleadings but we are convinced that it is entitled to have certain allegations of the statement of claim pleaded with more specificness and particularity. We shall, therefore, treat the pleading of defendant as a motion for a more specific statement. The objections which are well taken concern the following: The hole or defective condition in the pavement upon which the action is based is said to have existed for ample time for the city to have repaired it. Under the law there can be no liability unless it existed for such a length of time that the city had notice either actually or constructively of its existence and an opportunity to repair it: Beebe et al. v. Philadelphia, 312 Pa. 214. Unless the length of time is stated to a minimum at least, there is nothing upon which to found a charge of negligence. Plaintiffs, therefore, should at least give the minimum length of time that the defective condition complained of existed. The statement of claim also fails to set forth with particularity the items of damage which have been liquidated. Defendant is entitled to be informed with exactness of these items for which expenditures have been made, the rate of payment, and to whom it has been made. See 3 Standard Pa. Practice 462.

Now, June 9, 1943, the questions of law raised in the affidavit of defense are decided in favor of defendant. Plaintiffs are granted leave to file an amended statement of claim within 15 days from the date hereof to conform with the views expressed in this opinion.